IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 03-236 |
| | )              04-81 |
| | ) |
| JOSEPH VINANSKY | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant Joseph Vinansky's pro se petition for early parole/home confinement (Document No. 12). For the following reasons, defendant's motion will be denied.

On April 7, 2004, defendant appeared before this member of the court and pled guilty at Criminal No. 03-236 to a one-count indictment charging him with use of unauthorized access devices. On that same date, he waived his right to prosecution by indictment and pled guilty to a one-count information at Criminal No. 04-81 charging him with mail fraud. On July 21, 2004, defendant was sentenced to a term of imprisonment of fifty months at Count One at 03-236 and fifty months at Count One at 04-81, to run concurrently, to be followed by a term of supervised release of 3 years at both counts, also to run concurrently.

Defendant, who has served 24 months of his 50 month concurrent sentences, has filed the pending motion requesting that the court alter his judgment order and permit him to serve the remainder of his sentence on probation or house arrest. Defendant's motion must be denied.

From a procedural standpoint, even if the court were inclined to grant defendant's requested relief, which it is not, the court nevertheless would have no authority to do so. Defendant has cited no rule of criminal procedure or statute by which the court would be authorized to grant defendant the relief requested.

As a general rule, a court may not modify a term of imprisonment once it has been imposed except to the extent otherwise permitted by the Federal Rules of Criminal Procedure or by statute. 9A Fed.Proc., L.Ed. Criminal Procedure §22:1517. It is apparent in this case that defendant is not entitled to relief under any of the provisions of Fed.R.Crim.P. 35, nor under Fed.R.Crim.P. 36. Likewise, relief is unavailable to defendant under 18 U.S.C. §3582(c), which governs modification of an imposed term of imprisonment.

In light of the above, the following order is appropriate.

O R D E R

AND NOW, this 24th day of July, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion to amend judgment and commitment order (Document No. 13) be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Brendan T. Conway
    Assistant U.S. Attorney

    Joseph Vinansky